VÍCTOR M. SOLTERO, Petitioner and Appellant, *v.* VICTORIANO M. FERNÁNDEZ, JUDGE OF THE MUNICIPAL COURT OF PUERTO RICO, SECTION NO. 1, Respondent and Appellee.

No. 10504.  Argued December 3, 1951.—Decided January 29, 1952.

*J. Pedro Miranda* and *Paul H. Stawinski* for appellant.  *Víctor Gutiérrez Franqui, Attorney General,* and *Edgar S. Belaval, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of Puerto Rico, San Juan Section, on motion of the defendant, dismissed the petition for mandamus filed by Víctor M. Soltero, in which he requested that

the Municipal Judge be ordered to approve a personal bond granted under the provisions of § 6 of the Act to secure the effectiveness of judgments which, insofar as pertinent, provides:

"Personal security can only be given by such persons as pay into the treasury of Puerto Rico, in the capacity of real estate owners, a tax on property representing a capital double the value of the bond required by the court for ordering the remedy."

The reason alleged by the Municipal Judge in not decreeing the attachment requested was that the defendant refused to enclose with the bond the receipts of the taxes paid by the sureties on the property belonging to them, according to the bond.

The court *a quo* decided that it was within the discretion of municipal judges to require said receipts and consequently, that mandamus did not lie. The only assignment the appellant makes is that, in his opinion, the lower court erred in reaching this conclusion.

■■ We have decided that although the Act to secure the effectiveness of judgments does not specify the form of an attachment bond, said bond must comply with all the requirements of the legislation in force and that the sureties must comply with the requirements of § 355 of the Code of Civil Procedure.[1] *Goodyear Tire, etc., Co. Ltd.* v. *Brugueras*, 44 P.R.R. 600.

■■ The appellant contends that since the defendant admitted, by virtue of the motion to dismiss all the facts alleged in the petition, that is, that the bond complied with all the requirements of § 6 of the Act to secure the effective-

---

[1] Section 355 insofar as pertinent, provides:

"In all cases where an undertaking with sureties is required by the provisions of this Code, the officer taking the same must require the sureties to accompany it with an affidavit that they are each residents and householders or freeholders within the said Island, and each are worth the sums specified in the undertaking, over and above all their just debts and liabilities, exclusive of property exempt from execution; . . ."

ness of judgments as well as of § 355 of the Code of Civil Procedure, *supra*, mandamus did lie. The appellee maintains, however, that the Judge before issuing the order of attachment, has discretion to require the receipts showing that the sureties have paid the taxes on the property involved in the bond, and that in any case at most the judge committed an error in the exercise of his discretionary power, not reviewable by mandamus.

Only two cases have been cited, and we have found none other that directly construes the scope of §§ 6 and 355, *supra*, in relation to personal securities in cases of attachment bond. These are *J. Ochoa & Hno.* v. *De Jesús, Mun. Judge*, 26 P.R.R. 248 and *Bas* v. *Municipal Court*, 50 P.R.R. 302, the latter being the one on which the court *a quo* relied to dismiss the petition in the case at bar.

In *Ochoa & Hno.*, *supra*, the respondent judge rejected the bond because the defendant had refused to specify the particular real property with which the surety was to respond therefor, and in affirming the judgment which ordered the judge, by way of mandamus, to grant the attachment requested, after citing § 6, *supra*, we stated:

". . . The act does not require that a bond of this kind shall specify, as maintained by the municipal judge, the particular real property which is to respond, therefore the municipal judge has no authority to exact such specification. The case before us is one in which the judge has no discretional power to require that such a specification should be made. *His authority in this regard is limited to considering whether the statutory requirements have been complied with, but he cannot impose other conditions, and if. he does so it is not done in the exercise of a discretional power and consequently a writ of mandamus lies.* Section 6 of the act guarantees the rights of the defendants against personal security by indicating the course to be followed by them when they wish to protect themselves against security of this kind. Nor does section 355 of the Code of Civil Procedure, which treats of the way in which a personal undertaking shall be made, exact the requirement insisted on by the municipal judge in this case." (Italics ours.)

In *Bas* v. *Municipal Court, supra,* which was by way of certiorari, the fundamental objection made to a personal bond, was that neither surety stated *in his affidavit* that he paid taxes as owner of the real estate referred to therein. After citing § 6, *supra,* we stated at p. 305:

". . . If the sureties do not pay taxes on real property worth double the amount of the undertaking, the bond is an absolute nullity. Hence, the importance of requiring a satisfactory showing in this respect as a condition precedent to approval of the bond. The question as to whether or not an unsatisfactory showing is a fatal defect or susceptible of amendment is not so clear. If the surety does not pay taxes on the required amount of real property as the owner thereof, the defect in the affidavit can not be cured by amendment. Manifestly, if the fact be otherwise the omission can be readily supplied.

"In the instant case each of the sureties stated under oath that he was the owner of real estate worth more than double the amount of the undertaking exclusive of all charges, liens and encumbrances. The *sine qua non* of the statute is the payment of taxes, not ownership. We can not say that ownership is synonymous with the payment of taxes as owner. The probability is that the owner of real property pays the taxes thereon as the owner thereof. When such payment is a statutory condition precedent to the validity of an attachment bond, however, the fact can not be left to inference or conjecture.

"We are not prepared to say that the omission in the instant case was a mere irregularity or that the motion to dissolve the attachment because of the invalidity of the attachment bond came too late. On the other hand, in view of the strong probability that the sureties were as a matter of fact paying taxes on their real property, plaintiff should be given an opportunity to supply the omission *in the affidavits,* if he can, before dissolution of the attachment." (Italics ours.)

As it may be seen none of these cases serves as authority to hold that a judge may require evidence *aliunde,* other than the bond and the affidavits of the sureties, tending to show the payment of taxes. On the contrary, in *Ochoa* case we expressly held that a judge has no authority to impose other requirements different from those specified by the Act

—§ 6 in relation to § 355—and in the *Bas* case, we held that it is in the affidavits of the sureties that the payment of taxes must be stated, and in order that it be so done, if feasible, the case was remanded.

The requirements provided for personal bonds to secure the effectiveness of a judgment are clearly specified in §§ 6 and 355, *supra*. When the lawmakers has wished to grant the officer who is to approve a personal bond the faculty to exact other additional requirements to those already assigned in the bond and in the affidavits, he has expressly stated so, as was done in the Code of Criminal Procedure in providing in § 380 that "The sureties must in all cases justify by affidavit taken before the officer accepting bail that they each possess the qualification provided in the preceding section. *The officer may further examine the bail upon oath concerning their sufficiency in such manner as he may deem proper.*" (Italics ours.)

On the other hand, we do not see what additional security is offered in favor of the defendant by the tax receipts which has not already been obtained through the bonds and the affidavits of the sureties. The liability of the latter depends on what has been stated in said documents and not on whether or not the tax receipts are presented to the Judge before the attachment is ordered, since the defendant whose property has been attached has within the Act itself, §§ 14 and 15, the means to attack the sufficiency of the bond and of the affidavits. If the latter comply with all the requirements specified in §§ 6 and 355, *supra*, we do not believe that the judge has discretion to demand, as an additional requirement, the presentation of the tax receipts. Section 355, *supra*, is equivalent to § 1057 of the Code of Civil Procedure of California, and construing it, it has been held in said State that a prima facie justification of the ability of the sureties is established by their affidavits and that said justification may, of course, be overcome at the instance of the

44

adverse party but when no countershowing is done, the justification is deemed complete.  23 Cal. Jur. 1021, § 21, and cases cited at footnote 10.

It would be a different situation if in the bond or in the affidavits the requirements of §§ 6 and 355 *supra*, were not complied, for in that event the judge would then act within his province in not approving them.  *Cf. Arden Chemical Co.* v. *P. R. Drug Co., Inc.*, 46 P.R.R. 562.

■ The decisions in the United States are divided as to whether mandamus lies in these cases.  However, a great number of jurisdictions maintains that in cases where the officer does not have to depend on his discretion in determining the sufficiency of the bond in itself or the liability of the sureties, and tries to demand requirements exceeding those demanded by statute, mandamus does lie.  See Annotation in 92 A.L.R. 1211.

The judgment will be reversed and the case remanded for further proceedings consistent with this opinion.

Mr. Justice Snyder dissented.